Section

(2)

Travel of Case

# Travel of Case

I, Douglas Pelletier, defendant in this matter was arrested on 11/14/89 on charges of Rape, second degree sexual assult, assult with intent to murder, assult with a deadly weapon, and breaking and entering. All these charges stemmed from a single incident. A change of plea was entered on 1/8/90 at which time I was sentenced to serve 60 years of a 75 year sentence. Soon after this I began writing the sentencing Judge (Cresto) about the way my case was handled (no pre-trials, my attorney ignoring my blood alcohol levels (which were documented, .137, 5½ after arrest), and for failing to get my psychiatric records, (which detailed the problems I was having with the victims prior to my arrest), and some rule 11 violations. Judge Cresto appointed two lawyers (see attached docket) who wrote no merit letters, even though niether of these lawyers got the psychiatric records or sentencing transcripts and therefore could <u>not</u> have investigated the matter.

I have tried in the past to grasp the legal know-how, but lacked the understanding to file a post-conviction myself. Finally in 2003 I had enough knowledge to be able to put together information myself and file a motion

For post conviction relief based on these same original issues. I obtained my psychiatric records, sentencing transcripts, and put my sentencing lawyer on the stand. On 12/12/03 the hearing Judge ((Thunberg) who took over the case when Judge Cresto retired) ordered that I have a psychiatric evaluation done, a pre-sentence report and then be "re-sentenced" at which time the sentencing guidelines would be meaningfully addressed (See Judge Thunberg's decision, Attached).

The Attorney Generals office Appealled that decision based on a 2004 Rhode Island case (Mckinney v State cite as 2004 RI Lexus 30) that changes a Constitutional Standard previously in place (Solem test) as it adopted the standard in Ewing v California 538 US 11, 155 L ed 2d 108, 123 S.Ct 1179 (2003).

On August 17, 2005 the Rhode Island Supreme Court applied this new rule of law retroactively to my case which does not even meet the criteria set down in Ewing which is also a violation of the Teague doctrine.

Part of this post conviction motion is still pending in Kent County Superior Court awaiting decisions on the ineffectiveness of counsel issue along with Rule 11

issues. These decisions were due back on 2/17/06 but as of 6/20/06 were still pending.

That is the Travel of this case, as well as this defendant is capable of describing it. Since this case is based on a New rule of law this defendant seeks (is requesting) to have competent Counsel appointed to represent me as I do not understand much of the Federal rules or how to present this case in a proper procedural manner.

[signature]

Douglas Pelletier