Section

(3)

Grounds

# Grounds

(1) - The Rhode Island Supreme Court used an ex post facto ruling to overturn the Superior Courts decision (both decisions attached) The re-sentencing that was ordered was based on my plea lawyer hiding the existance (which he admitted at my recent post conviction hearings that he never got (12/2/05), (these hearings are part of this same motion)) of my psychiatric records and the fact that he never tried to use my intoxication levels, which the lab work showed were at a level of .137, 5½ hours after my arrest. The hearing Judge ruled that based on the existance of these mitigating factors, my lack of criminal record, and the fact there were no injuries involved with my case that this sentence was not Justified. The State Supreme Court relied on a case ruled on 4 months after the Superior Court Judge ruled on my case. The Supreme Court case was James Mckinney v State of RI cited at 843 A2d 463, 2004 RI Lexis 30 this case states - "We NOW adopt the holding in Ewing and reject the test under Solem. Therefore this is a "New" rule of law. The 8th amendment standard also does not reflect my case as a first time offender

(2)

In addition the Rhode Island Supreme Court has altered the Ewing decision to state that it does not recognize pleas. There are many different reasons this case is different from that decision (Ewing), to begin with that is a recidivist statute (3 strikes law) where as I am a first time offender. Also every relevant factor listed in "Using the bench-marks" of the Superior Court rules only serve to mitigate the sentence in this case. The R.I. State Supreme Court has also ignored several important facts, it notes that this case was long ago (investigated?) by several lawyers on these same issues (psychiatric records and rule (11) violations), yet it doesn't seem to realize that none of these lawyers ever got these psychiatric records or sentencing transcripts making it impossible to ever investigate this matter. This shows this defendant was once again failed by counsel. It is also important to note that when these issues were first raised (1990) by the defendant the Mckinney case, nor the Ewing even existed, and that is due to lawyers not doing thier Job, that the relevant information was not retrieved in a timely manner as it should have, where I would have been properly ... under the "Solem"

test. The RI Supreme Court also states that my lawyer (plea counsel) called this a hienous crime, yet there were no injuries and he (counsel) is on record continually perjuring himself. I will be seeking to have proper measures taken regarding this perjury. All in all I never got Justice in this case, when the evidence was finally put before a Judge in the proper Forum, she attempted to correct the situation. Unfortunately shortly after the Courts adopted new Constitutional standards which do not even reflect my case and reversed this decision. That is ground (1) of my Motion, Justice not being served.

One last thing I would like to state is that while my case was being considered by the RI Supreme Court, the Attorney General's Office was representing the Chief Justice of that Court creating a major conflict of interest.

(2) I, defendant, was not allowed allocution (Judge Thunbergs decision pg 7). Although the Superior Court ruled on this issue the RI Supreme Court did not give an opinion on the matter, (see [illegible] (All decisions attached).

Grounds (3) and (4)

These issues (ineffectiveness of counsel, and rule (11) violations) were heard in Superior Court on 12/2/05. A decision was due back on 2/17/06, but as of 6/20/06 no decision was ready.

Douglas Pelletier