Section

(5)

Supreme Court Decision

August 26, 2005

**Supreme Court**

No. 2004-74-C.A.
(N1/89-194 A)

Douglas J. Pelletier :

v. :

State of Rhode Island :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

August 26, 2005

**Supreme Court**

No. 2004-74-C.A.
(N1/89-194 A)

Douglas J. Pelletier :

v. :

State of Rhode Island :

Present: Williams, C.J., Goldberg, Flaherty, Suttell, and Robinson, JJ.

**OPINION**

**PER CURIAM.** The state has appealed from a ruling of a hearing justice with respect to an application for postconviction relief filed by the applicant, Douglas J. Pelletier, pursuant to G.L.1956 § 10-9.1-1(a)(1). This case came before the Supreme Court for oral argument on April 13, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be summarily decided.

On January 8, 1990, Pelletier submitted a plea of nolo contendere to eight felony counts arising from his invasion of a Portsmouth home in the early morning hours of January 13, 1989,

where he sexually assaulted two women while armed with a knife.[1] Before he was arrested shortly after committing those assaults, defendant also assaulted a Portsmouth police officer.[2]

After a hearing, during which the terms of a proposed sentence were discussed, Pelletier was sentenced on January 8, 1990 to serve sixty years of an eighty-year term of imprisonment. The remaining twenty years were suspended, with probation.

Some thirteen years later, on February 18, 2003, Pelletier, filed a pro se application for postconviction relief.[3] In his application, Pelletier asserted that his plea agreement was not knowingly and voluntarily entered into because: (1) he was never informed of the consequences of his plea concerning how much time he would have to serve; (2) he did not admit at the plea hearing to all of the elements of the crimes with which he was charged; (3) he did not realize that a nolo contendere plea was an admission of guilt; and (4) his defense counsel did not inform him of the existence of the defense of diminished capacity. Pelletier moved the Superior Court to vacate his plea agreement and to schedule his case for a trial.

In June and August of 2003, a justice of the Superior Court conducted a hearing on Pelletier's application for postconviction relief. The only witness to testify was the attorney who had represented Pelletier at the hearing concerning his plea agreement. After considering the testimony and reviewing the record, the hearing justice issued a written decision and entered an

---

1 Pelletier signed and submitted a separate plea agreement with respect to each count, but in this opinion we shall refer to those separate agreements as though they were one.

2 Pelletier was charged with and pled nolo contendere to three counts of first-degree sexual assault, and one count each of second-degree assault, assault with a dangerous weapon, assault with intent to commit murder, breaking and entering without consent, and assault with a dangerous weapon. (The last count arose from his assault on the Portsmouth police officer.)

3 Pelletier filed his pro se application after two attorneys, who independently investigated Pelletier's case, filed separate memoranda with the Superior Court stating that, in their view, there was no good faith basis for filing a postconviction relief application on his behalf.
Pelletier was represented by counsel at oral argument before this Court.

order granting Pelletier's application for postconviction relief, but "solely on the issue of resentencing."

In her written decision, the hearing justice observed that "[t]he factual basis for the plea involved horrific offenses * * *."[4] The hearing justice also noted that Pelletier's former defense counsel had testified that "the factual scenario constituted one of the most heinous and egregious sexual assaults that [the former defense counsel] had seen in thirty-four years in practice."[5] In spite of those observations, however, the hearing justice concluded that "[t]he record of defendant's plea and sentencing contains no reasons or citations to circumstances which explain the foundation for defendant's sixty year jail term." The hearing justice further ruled as follows:

> "[I]n the circumstances of this particular case, justice requires a thorough pre-sentence investigation, a comprehensive psychiatric evaluation, and a sentencing hearing in which the Benchmarks are meaningfully addressed. Therefore, the Court will order a pre-sentence report and appoint counsel to represent Mr. Pelletier at 're-sentencing.'"

In light of our decision in McKinney v. State, 843 A.2d 463 (R.I. 2004), we conclude that the hearing justice erred in ordering resentencing.

The issue in McKinney was similar to the issue before us in this case -- namely, whether an applicant for postconviction relief may be resentenced after the original sentencing justice has sentenced him or her consistently with the applicant's plea agreement. Recognizing the wide latitude given to sentencing justices in accepting negotiated plea agreements, we held in McKinney that "[u]nless the sentence * * * was illegal or unconstitutional, * * * then the

---

4 Based upon our review of the record, we certainly agree with the trial justice's conclusion that the offenses at issue were "horrific."

5 We note that the hearing justice made a somewhat opaque comment relative to the possibility that there was ineffective assistance of counsel at the time of sentencing. In view of the procedural posture of this case, however, that issue is not before this Court at this time.

sentence should not be altered." McKinney, 843 A.2d at 472. Our review of the record in the case at bar reveals that Pelletier's sentence was neither illegal nor unconstitutional. Accordingly, in view of our holding in McKinney, the hearing justice erred in ordering the resentencing of Pelletier.

Therefore, we vacate the order of the Superior Court which granted the application for postconviction relief "solely on the issue of resentencing."

The record in this case may be remanded to the Superior Court.