**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DOUGLAS J. PELLETIER** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-298ML** |
| | : | |
| **ADULT CORRECTIONAL INSTITUTION** | : | |
| | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 26th day of July, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Douglas J. Pelletier, at his last known address of P.O. Box 8273, Cranston, RI 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DOUGLAS J. PELLETIER**<br>**Petitioner** | : | |
| **v.** | : | **C.A. 2006-298ML** |
| **ADULT CORRECTIONAL INSTITUTION**<br>**Respondent** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

The relevant travel of the case, as well as a background of what appears to form the basis of Petitioner's instant 28 U.S.C. § 2254 action, was set forth by the Rhode Island Supreme Court in its August 26, 2005 decision in Pelletier v. State, 882 A.2d 567 (R.I. 2005):

> The state has appealed from a ruling of a hearing justice with respect to an application for postconviction relief filed by the applicant, Douglas J. Pelletier, pursuant to G.L.1956 § 10-9.1-1(a)(1). This case came before the Supreme Court for oral argument on April 13, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be summarily decided.
>
> On January 8, 1990, Pelletier submitted a plea of *nolo contendere* to eight felony counts arising from his invasion of a Portsmouth home in the early morning hours of January 13, 1989, where he sexually assaulted two women while armed with a knife.[FN1] Before he was arrested shortly after committing those assaults, defendant also assaulted a Portsmouth police officer.[FN2]

FN1. Pelletier signed and submitted a separate plea agreement with respect to each count, but in this opinion we shall refer to those separate agreements as though they were one.

FN2. Pelletier was charged with and pled *nolo contendere* to three counts of first-degree sexual assault, and one count each of second-degree assault, assault with a dangerous weapon, assault with intent to commit murder, breaking and entering without consent, and assault with a dangerous weapon. (The last count arose from his assault on the Portsmouth police officer.)

After a hearing, during which the terms of a proposed sentence were discussed, Pelletier was sentenced on January 8, 1990 to serve sixty years of an eighty-year term of imprisonment. The remaining twenty years were suspended, with probation.

Some thirteen years later, on February 18, 2003, Pelletier, filed a *pro se* application for postconviction relief.[FN3] In his application, Pelletier asserted that his plea agreement was not knowingly and voluntarily entered into because: (1) he was never informed of the consequences of his plea concerning how much time he would have to serve; (2) he did not admit at the plea hearing to all of the elements of the crimes with which he was charged; (3) he did not realize that a *nolo contendere* plea was an admission of guilt; and (4) his defense counsel did not inform him of the existence of the defense of diminished capacity. Pelletier moved the Superior Court to vacate his plea agreement and to schedule his case for a trial.

FN3. Pelletier filed his *pro se* application after two attorneys, who independently investigated Pelletier's case, filed separate memoranda with the Superior Court stating that, in their view, there was no good faith basis for filing a postconviction relief application on his behalf.

Pelletier was represented by counsel at oral argument before this Court.

In June and August of 2003, a justice of the Superior Court conducted a hearing on Pelletier's application for postconviction relief. The only witness to testify was the attorney who had represented Pelletier at the hearing concerning his plea agreement. After considering the testimony and reviewing the record, the hearing justice issued a written decision and entered an order granting Pelletier's application for postconviction relief, but "solely on the issue of resentencing."

In her written decision, the hearing justice observed that "[t]he factual basis for the plea involved horrific offenses ***."[FN4]

The hearing justice also noted that Pelletier's former defense counsel had testified that "the factual scenario constituted one of the most heinous and egregious sexual assaults that [the former defense counsel] had seen in thirty-four years in practice."[FN5] In spite of those observations, however, the hearing justice concluded that "[t]he record of defendant's plea and sentencing contains no reasons or citations to circumstances which explain the foundation for defendant's sixty year jail term." The hearing justice further ruled as follows:

FN4. Based upon our review of the record, we certainly agree with the trial justice's conclusion that the offenses at issue were "horrific."

FN5. We note that the hearing justice made a somewhat opaque comment relative to the possibility that there was ineffective assistance of counsel at the time of sentencing. In view of the procedural posture of this case, however, that issue is not before this Court at this time.

"[I]n the circumstances of this particular case, justice requires a thorough pre-sentence investigation, a comprehensive psychiatric evaluation, and a sentencing hearing in which the Benchmarks are meaningfully addressed. Therefore, the Court will order a pre-sentence report and appoint counsel to represent Mr. Pelletier at 're-sentencing.'"

In light of our decision in McKinney v. State, 843 A.2d 463 (R.I.2004), we conclude that the hearing justice erred in ordering resentencing.

The issue in McKinney was similar to the issue before us in this case-namely, whether an applicant for postconviction relief may be resentenced after the original sentencing justice has sentenced him or her consistently with the applicant's plea agreement. Recognizing the wide latitude given to sentencing justices in accepting negotiated plea agreements, we held in McKinney that "[u]nless the sentence *** was illegal or unconstitutional, *** then the sentence should not be altered." McKinney, 843 A.2d at 472. Our review of the record in the case at bar reveals that Pelletier's sentence was neither illegal nor unconstitutional. Accordingly, in view of our holding in McKinney, the hearing justice erred in ordering the resentencing of Pelletier.

Therefore, we vacate the order of the Superior Court which granted the application for postconviction relief "solely on the issue of resentencing."

The record in this case may be remanded to the Superior Court.

(Pelletier v. State, 882 A.2d at 567-69.)

Petitioner has seemingly brought the instant 28 U.S.C. § 2254 action to take issue with the Rhode Island Supreme Court's above-quoted disposition (*please see* the addendum to Petitioner's *Petition Under 28 U.S.C. § 2254* styled "Section (3) Grounds" at pp. 1-3) as well as to advance "ineffectiveness of counsel" and "rule 11 [of the Superior Court Rules of Criminal Procedure]" grounds (*id.* at p. 4), which grounds Petitioner has yet to exhaust in state court.[1] Since federal habeas relief is only available to petitioner after he has first exhausted his remedies in the Rhode Island Courts, or where "there is [either] an absence of available State corrective process *** or [the existence of] circumstances *** that render such process ineffective to protect [his] rights[,]" 28 U.S.C. § 2254[2] (*see* O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct.

---

[1] At the time Petitioner filed his *28 U.S.C. § 2254* application, the Newport County Superior Court had not yet issued a decision on Petitioner's ineffective assistance of counsel and Rule 11 contentions. (*Please see* Petitioner's *Petition Under 28 U.S.C. § 2254* at 4 ("Awaiting a decision") and the addendum to Petitioner's *Petition Under 28 U.S.C. § 2254* styled "Section (3) Grounds" at p. 4 ("The issues (ineffectiveness of counsel, and rule (11) violations) were heard in Superior Court on 12/2/05. A decision was due back on 2/17/06, but as of 6/20/06 no decision was ready.").) To the best of the State's knowledge and belief, the Newport County Superior Court (Thunberg, J.), on July 21, 2006, issued an order or decision, denying Petitioner's post-conviction relief application. Any such final order or decision, of course, is appealable to the Rhode Island Supreme Court. *See* R.I.G.L. § 10-9.1-9 ("Any final judgment entered in a proceeding brought under this chapter shall be appealable to the supreme court in the same manner and subject to the same requirements as a final judgment in a civil action.")

[2] As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Public Law No. 104-132, 110 Stat. 1214, effective April 24, 1996, 28 U.S.C. § 2254 now states in relevant part:

> "(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or

1728, 1731 (1999)), the state would respectfully suggest that petitioner's 28 U.S.C. § 2254 petition, alleging at least two grounds that have not yet been passed upon by the Rhode Island Supreme Court, should be dismissed without prejudice at this time.

Moreover, there is reason to question whether the instant *Petition Under 28 U.S.C. § 2254* is even timely. 28 U.S.C. § 2244(d)(1), in relevant part, provides for "[a] 1-year period of limitation", which "limitation period shall run from *** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner's conviction became final on or about the date of his January 8, 1990 plea of *nolo contendere* to the eight felony counts arising from his invasion of a Portsmouth home in the early morning hours of January 13, 1989, he had until April 24, 1997 in which to file his instant habeas corpus petition.[3] Petitioner's instant habeas corpus petition was obviously filed many years beyond April 24, 1997, and to determine whether the instant 28 U.S.C. § 2254 action is yet timely it

---

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State.

.. . ..

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

[3] Lattimore v. Dubois, 311 F.3d 46, 52 (1st Cir. 2002)("It is established in this circuit, as elsewhere, that the grace period for prisoners whose state convictions became final prior to AEDPA to file a petition under 28 U.S.C. § 2254 is one year. *** The one-year grace period runs from the date of AEDPA's enactment and ends on April 24, 1997. Rogers v. United States, 180 F.3d 349, 354 (1st Cir. 1999); *see also* Duncan v. Walker, 533 U.S. 167, 183, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(Stevens, J., concurring) (noting that the courts of appeals "have uniformly created a 1-year grace period, running from the date of AEDPA's enactment").")

must be ascertained whether, pursuant to 28 U.S.C. § 2244(d)(2), any tolling of the one-year limitation period occurred. *See* 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Although a review of the *Criminal Docket Sheet Report* in Petitioner's Newport County Case Number N1-1989-0194A indicates that an attorney(s) did file a memo respecting the merits of any post-conviction relief application (*please see Criminal Docket Sheet Report* in Petitioner's Newport County Case Number N1-1989-0194A), neither such docket sheet nor the State of Rhode Island's file appears to indicate that an actual "properly filed application for State post-conviction or other collateral review" (28 U.S.C. § 2244(d)(2)) was filed by or on behalf of Petitioner prior to the *pro se* February 18, 2003 post-conviction relief application referenced by the Supreme Court in its decision. If in fact, then, no "properly filed application for State post-conviction or other collateral review" was filed by or on behalf of the Petitioner in the Superior Court prior to April 24, 1997, the instant action would be time-barred.

For the reasons expressed above, then, the State would ask that Petitioner's 28 U.S.C. § 2254 application be dismissed because it raises claims which have yet to be exhausted in State Court. The State would also respectfully ask that this Honorable Court ascertain from Petitioner whether in fact, prior to April 24, 1997, he actually submitted a "properly filed application for State post-conviction or other collateral review" (28 U.S.C. § 2244(d)(2)) in the Newport County Superior Court. If he did not, the State would respectfully ask that the above-captioned matter be dismissed as time-barred.

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 26th day of July, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Douglas J. Pelletier, at his last known address of P.O. Box 8273, Cranston, RI 02920.