United States District Court for
the District of Rhode Island

Rec'd
8/2/06

Douglas Pelletier pro se'
v
C.A. NO. 2006-298 ML
A.T. Wall

Motion to Include Outstanding Issues

ON 2254 motion

Plaintiff in this case recently Filed a 2254 motion. In that motion I informed this Court that there were several issues (From the original post conviction motion) which he was awaiting rulings on. On July 21, 2006 received a decision (included). As you can see by this decision the Superior Court has ruled on my original issues already and this motion was granted on the issues presented (original post conviction included), the relief granted was a re-sentencing. This was the relief not an issue. The original motion included the Rule(11) issues (which by the way included that this plaintiff was never aware of the maximum sentencing ranges, the State never acknowledged this Fact).

Since the Superior Court maintains that

these matters have been ruled on in Superior and the State Supreme Court they are now properly in this Court. The Attorney Generals office seems to want to never have these matters properly adjudicated, but the wording in Judge Thunbergs decision is very clear on this matter.

Plaintiff puts forth the following Facts to support his issues:

(1)(a). Plaintiff went upstairs to be sentenced on 1/8/90 without even knowing what NO LO meant as evidenced by the sentencing transcripts (pages 7,8,9) this had to be explained by the sentencing Judge.

(b) Plaintiff was never told of the maximum sentences. Plaintiff was sentenced to 75 years, 60 to serve, receiving several maximum sentences consecutive to each other. Plaintiff would have gone to trial had he known the sentencing ranges.

(c) The sentencing ranges appear right next to the explanation of NO LO. Given that plaintiff did not know what NO LO meant the Court should have informed him of the sentencing ranges (especially since he was unknowingly pleading to

maximum After maximum sentence.

(d) The RI Superior Court sentencing guidelines (benchmarks) state "specific reasons must be given on the record for departures from these benchmarks". This was not done in this case as noted by the original post conviction decision. This would also serve to have let the plaintiff know at least he was receiving an enhanced sentence, which he would have challenged (The sentencing transcripts show this plaintiff did not agree with many of the facts of this case. There were no injuries in this case and much mitigating (documented) evidence which was never used).

(e) R.I.G.L. 12-19.3-1 "Legislative purpose - In order that the sentences imposed upon convicted criminals by the courts of this State do Justice to the victim, the offender, and the community, a system of sentencing standards is enacted. Those standards are intended to create a sentencing process which will allow for Judicial consideration of mitigating and aggravating circumstances unique to the particular defendant and crime, while providing the structure necessary to impose consistent sentences upon similar offenders convicted of like crimes."

Therefore not only is the Supreme Courts decision in violation of the superior court rules, but also in violation of Rhode Island General laws (clearly established laws).

(2)(a) Ineffective assistance of Counsel- Judge Thunberg noted in her original decision plaintiff's psychiatric records and how they detailed plaintiffs' recent problems with the victims and his state of mind at that time. This plaintiff's sentencing lawyer admitted under oath that he never got these records, and that the sentencing Judge was unaware of them. He also testified he never tried to use plaintiff's Blood Alcohol content (which was .137 5½ hours after his arrest) as a mitigating factor or sometype of defense.

(b.) The sentencing attorney also testified under oath (on 12/2/05) he was not at plaintiffs pre-trial on Sept. 28, 1989 which he had earlier testified he was at. He also never was appointed until Oct. 20, 1989 to represent me.

In the RI Supreme Court decision the Court seems to say unless the sentence is illegal or unconstitutional (And this plaintiff

avers given the law and rules it was) All other broken laws and constitutional violations are unimportant (irrelevant). As proof of this the RI Supreme Court has ignored the grounds my post conviction relief motion was granted on, once again the resentencing was the relief not the grounds.

Plaintiff also wishes to aver the ruling by the RI Supreme Court which changed a constitutional law (standard) going from the "Solem" test which was in effect in 2003 when my case was ruled on. Therefore the Judge (Superior Court) did not err as she used the proper standard (test). In addition this new test is a three strikes law (basically) and fails to show how this plaintiff has ever admitted to any aggravating factors.

Given the usage of New Rules of law and the violation of clearly established law this Court is the proper venue no matter when this matter was presented. Had this plaintiff ever been properly represented these issues would have been ruled on years ago. They clearly had merit or a novice like myself would not have been able to file his own post conviction motion

and had it granted. As I have read the rules pertinent to 2254 motions, I am not time barred given the noted violations. In addition this plaintiff avers Justice (as noted in Judge Thunberg's decision) has not been done in this case, and should be heard.

Respectfully Submitted,
[signature]
Douglas Pelletier pro se'
P.O. Box 8274
Medium I AR-15Top
Cranston RI 02920

Certification

I Douglas Pelletier, do hereby certify that a true copy of this motion was mailed via the U.S. Postal service to the Attorney General's office, at 150 South Main St, Providence RI 02903 on this 29th day of July 2006.

[signature]