STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

NEWPORT, SC. SUPERIOR COURT

FILED IN OPEN COURT
KENT SUPERIOR COURT
DATE 7-21-06
TIME 10:40 AM
CLERK R. LEVESQUE

DOUGLAS J. PELLETIER :
v. : NO.: N1/89-194
STATE OF RHODE ISLAND :

**DECISION ON PETITIONER'S SECOND MOTION FOR POST-CONVICTION RELIEF**

**THUNBERG, J.** Subsequent to the denial of petitioner's original request for post-conviction relief, he filed this motion to vacate the underlying plea, raising in part, the issue of ineffective assistance of counsel. His original motion to vacate the plea asserted that his plea was not entered knowingly and voluntarily because: (1) he was never informed of the consequences of his plea concerning how much time he would have to serve; (2) he did not admit at the plea hearing to all of the elements of the crime with which he was charged; (3) he did not realize that a *nolo contendere* plea was an admission of guilt; and (4) his defense counsel did not inform him of the existence of diminished capacity.

The Rhode Island Supreme Court has already ruled that petitioner's sentence was neither illegal nor unconstitutional and that this Court erred in granting relief to the petitioner solely for re-sentencing.

The Court declines to re-visit, and, indeed, is precluded from re-visiting any "re-asserted" grounds for relief contained within the instant petition. In the latter, petitioner has raised issues identical to those already litigated, but has styled them as a claim of ineffective assistance of counsel.

"A defendant who pleads guilty on the advice of counsel must demonstrate at his post-conviction hearing that advice was not within that range of competence demanded of attorneys in criminal cases." State v. Dufresne, 43 A.2d 720, 723 (R.I. 1981)(citing McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1448-49, 25 L.Ed.2d 763, 773 (1970)).

The record below contains a profusion of credible evidence which convinces this Court that petitioner was proficiently and effectively represented at the proceedings in controversy.

At the time the plea was entered Attorney Joseph DeCaporale was a public defender with twenty-one years experience who had tried forty to fifty cases. He was then, and remains, a defense attorney well-respected by bench and bar for his skill, intelligence, integrity and dedication to the best interests of his clients.

Attorney DeCaporale testified that the "totality of the evidence was so overwhelming" that it would have been "foolhardy" to go to trial and expose the petitioner to "consecutive life sentences instead of sixty years." Defense counsel explained, and the Court concurs, that petitioner had "no defense," including one of diminished capacity which he regarded, correctly, as "untenable." Finally, he stated to petitioner at the hearing that "[his] job was to limit [petitioner's] exposure." There is absolutely no credible evidence in this record to support, or even suggest, any claim of ineffective assistance of counsel. Attorney DeCaporale comported himself capably, professionally and in the best interest of his client.

Therefore, petitioner's second motion for post-conviction relief is denied.