State of Rhode Island and Providence Plantations

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
03 FEB 18 PM 2:35

Newport S.C Superior Court

State of Rhode Island
V
Douglas Pelletier Pro se

N1/89-194

Motion For Post Conviction Relief

Now comes the defendant Douglas Pelletier who was sentenced at a plea hearing on January 8, 1990, to 60 years to served followed by a 15 year suspended sentence by the Honorable Judge Domenic Cresto. The sentencing happened in Washington County but this was a Newport case.

I will start with a brief recount of my case and the events that led up to it. Myself and Dawn Lyle were involved for some time, had a child together and split up sometime around April of 1988. During the next 8 months or so there was alot of verbal pushing back and forth between myself and the victims in this case. About 3 or 4 months prior to January of

(2)

1989 (date of my arrest) I, the defendant suffered a nervous breakdown which put me in the psychiatric ward of Newport hospital. About a month after that I again was taken to the psychiatric ward after calling the Portsmouth police on myself as I was afraid of what I might do. During this time I was drinking heavily, and was the night this crime occurred. Six or seven hours after my arrest my blood alcohol was still at (.12). This information was in my discovery on a report from Newport Hospital where my blood was taken. I was arrested in January of 1989. At that time I was given a lawyer (Allen Shore) from the day after my arrest Mr. Shore was involved with my case. At that time Mr Shore told me we would be waiving my bail. His aim was to let me get some time in Jail and try to eventually get me into a rehabilitative program and a long suspended sentence. Mr Shore believed that given the mitigating circumstances this was a legitimate possibility. He also informed me that if things "went bad, I was looking at 15 to 20 years to serve". The last time I saw Mr. Shore was at my arraignment in Superior Court. At that time supposedly everything was going

As planned, until Mr. Shore suddenly left the public defenders office. I found this out through a secretary at the P.D.'s office who told me Mr. Shore had moved to N. Dakota and my case was now being handled by Jack Barense. I had Mr Barense for an attorney for several months but never met him and he would not accept my calls. One day I called and got his secretaries usual response "he's out". An aquaintance immediately called after me, gave his name, and was put right through to Mr. Barense. At that time I informed him that I didn't want him representing me. My case was then given to Joseph Decaporale whom prior to my sentencing, I had only spoken about my case with once. At that time Mr Decaporale told me that most of the charges against me would be dismissed. Mr. Decaporale apparently also was the one who had my case moved to Washington County. In December of 1989 Mr Decaporale wrote stating that I was scheduled to start trial on January 8, 1990. I was concerned because he still hadn't discussed my defense with me. When I contacted him I was told don't worry because he would be getting a continuance. He never did. This brings us to my Motion.

(4)

Most of my Motion is based on Judge Cresto's error in not following the sentencing requirements outlined in Rule 11 which falls under the 14th Amendment of the U.S. Constitution (due process). When rule 11 is not followed it constitutes a violation of due process and therefore my constitutional rights. Below are my issues listed in no particular order:

(1) The defendant was never informed of the consequences of the charges he was pleading to. Specifically he was never informed [illegible] the minimum [illegible] More importantly the maximum sentence. (see Exhibit A, pages 1-17, sentencing transcripts)

McCarthy v United States, cited at 22 Led 2d 422 - "prejudice inheres in a District Courts failure to comply with the provisions of Rule 11 of the Federal Rules of Criminal procedure that the Court shall not accept a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea".

Federal Practice and Procedure, Criminal 3d, section 140-240, page 171, 172 - "All that is

required is that the defendant understand the range of possible sentences and penalties", "He or she must understand what the maximum penalty is".

Flint v Sharkey cited at 268 A2d 714, 715 " that it is the obligation of the court before accepting a nolo or guilty plea to ascertain if defendant, even though represented by counsel is aware of nature and consequences of such a plea, and if he is not, to advise and admonish him fully concerning those consequences, may seek Post-conviction relief and nolo or guilty plea will be vacated if accused can show his plea was not knowingly and willingly made"

Strader v Garrison Cited at C.A. 4th, 1979 611 F2d 61 - " Judgement of conviction must be vacated when it appears that a guilty plea would never have been tendered if defendant had been properly advised".

Boykin v Alabama cited at 23 Led 2d, 274, 280 n.7 "defendant understands the nature of the charges his right to a Jury trial, the acts sufficent to constitute the offenses for which he is charged and the permissable range of sentences".

Brady v United States cited at 25 L ed 2d 1025, 1048 "A number of supreme court decisions have held or recognized that a guilty plea, in order to be valid, must have been made by the accused with an understanding of the consequences of that plea".

Since the defendant did not know what the maximum sentences were, his plea was not made knowingly, had the defendant known he was receiving the maximum sentences on count (4) 2nd degree sexual assault, 15 years, count (6) assault with intent to murder 20 years and count (7) Breaking and entering 10 years (see exhibit A pages 11, 12, 13) he would never have entered a plea on these, given that he feels he was not even guilty on 2 of these counts.

Strader v Garrison cited at C.A. 4th 1979 611 F2d 61 – "Judgement of conviction must be vacated when it appears that a guilty plea would never have been tendered if defendant had been properly advised".

(2) The defendant several times told the judge he did not hold some of the facts of the case to be true (see exhibit A pages 7, 8, 9) Once the defendant showed he didn't feel he

was guilty of some of these Facts or charges, the Judge asked if he thought the state had enough Facts to convict, the defendant stated that they may "yes", he also stated "I only have my one word" meaning it was his word against several peoples' words but still defendant stated he questioned alot of the parts (Facts). At this point it was the Judges' duty to question the defendant as to the elements of the crimes, count by count. Had the Judge done this he would have seen that the defendant did not feel he committed many of the elements and therefore not guilty of some of those charges, Defendant did concede he could be Found guilty based on other peoples testimony, which defendant feels would be perjured testimony, does not mean the defendant states he committed any elements of these crimes. It was up to the Judge to see this questioning was done, especially after the defendant's replies to questions about the Facts, (again see exhibit A pages 7, 8, 9) No where in the sentencing transcript does the defendant ever actually admit to the Facts or elements of these charges. Since the defendant would not admit to Facts or elements it cannot be assumed his attorney ever

(8)

discussed these elements with defendant.

Boykin v Alabama cited at 23 Led 2d 274, 277 - "A guilty plea is an admission of all the element of a formal criminal charge".

McCarthy v United States cited at 22 Led 2d 418, 421 - "Because a guilty plea is an admission of all the elements of a formal criminal charge it cannot be truely voluntary unless the defendant possesses an understanding of the law in relation to the facts"

Mack v United States cited at C.A. 1st 1980 635 F2d 20 - "And court should engage in extensive interchange if necessary to insure itself and any subsequent reader that defendant does indeed fully understand the charges".

(3) The defendant did not even realize that by pleading No Lo he was admitting guilty to any facts or that No Lo was actually an admission of guilty The defendant has used the No Lo plea in misdermeanor cases before but was never asked to admit guilt to any facts before. Defendant had always assumed

A No Lo plea meant you just didn't want to contest the matter but were not admitting guilt. Defendant recalls using this plea in District Court and explaining that he was only pleading that way because it was cheaper to just pay a fine than to keep missing days of work to contest the matter. The Court can see by exhibit A (pages 7, 8) that the defendant was not clear of what No Lo meant. Up to the point where the Judge tried to explain that it was an Admission of guilt, defendant had thought he was accepting a sentence without admitting guilt. When the Judge began his explanation, the defendant became confused about the plea. At half way through the plea hearing defendant is just being told he is actually admitting guilt by his plea. So again defendant does not feel his plea was knowingly and voluntarily since he did not even understand he was admitting guilt. Again see exhibit A (pages 7, 8). I wish the Court to note that no where in the transcript does the defendant ever state he committed any specific elements or all of them.

Brady v United State cited at 25 Led 2d 1025, 1055 - " to make sure that he (accused) has a full

understanding of what the plea connotes and of its consequences, and that when the Judge discharges that function, he leaves a record adequate for any review that may be later sought".

State v. Feng cited at RI 421 A.2d 1258, 1259 - "Record must affirmatively disclose voluntary and intelligent character of a plea of Nolo Contendere".

Defendant believes the record, sentencing transcripts (Exhibit A) does show that he did not understand nature or consequences of a No Lo plea. The defendant also concedes that his attorney did tell him that he was giving up rights by pleading, such as right to trial, cross examine witnesses etc., but never what the plea meant or that he would be asked to admit guilt to things he did not feel he was guilty of, nor was he ever told of the sentencing ranges. The defendant also concedes that he did sign some sentencing papers (apparently 8 of them) but never read them, they were signed because his lawyer told him to sign. Again the defendant feels this is reflected in his answers given to the Judges questions at his sentencing.

(4) Defendant's attorney, Joseph Decaporale never

put forth a viable defense even though one existed. The defendant had asked Mr Decaporale months before his sentencing, (the one occasion when his lawyer actually discussed his case) if his intoxication would be considered. Mr Decaporale's response was that this State doesn't really recognize diminished capacity as a defense. There is in defendants discovery package a blood test taken at Newport Hospital, 6 to 7 hours after his arrest, at that time his blood alcohol level was still at (.12), obviously his level was much higher at the time of his arrest, and earlier that morning. Defendant would also like to state at this time that his discovery has been lost over the course of time, between moves and cell searches. He would also ask that the attorney general or the court provide copies of this medical report (from discovery) along with copies of his arrest report, showing the time of his arrest. The defendant asks this be done in accordance with (10-9.1-6 (a)) of the R.I.G.L.- "The attorney General shall file with his or her answer the record or portions thereof that are material to the questions raised in the application". Had my defense attorney been representing the defendant in a competent manner he would have put forth a defense

"Diminished capacity" which the evidence for was presented to him in discovery, he could have also used an "intoxication defense" instead he puts forth nothing and informs the defendant that the State doesn't recognize this defense. Mr Decaporale should have also challenged any charge which required specific intent as the medical reports and "diminished capacity" show he could not have any specific intent due to his intoxication. Mr Decaporale also informed the defendant that on this plea the longest the State could hold him was 10 years unless he was a trouble maker, he also told him that he could be out in 8 or 9 years with his good time, both of these things were of course lies, Mr Decaporale also informed Defendant's Family (Mother) the same information when she called him that afternoon to find out what had happened in Court (see exhibit B, Affidavit). Both defendant and his family were expecting this matter to be continued, which is why the defendant requested time to speak with his family before sentencing (see exhibit A page 1) which was denied by Judge Cresto.

Sober v Crist C.A. 9th 1981, 644 F2d 807 - "Accused should be made aware of possible

defenses, at least where Attorney or Court is made aware of Facts that would constitute such a defense".

Friedman v U.S. 588 F2d 1010, 1016 - "Where, however, the petitioner supports his claims of inadequate preparation, Attorney indifference, Failure to call witnesses etc. with plausible Factual allegations and evidence sufficent to raise a substantial doubt that his attorney's in Court performance was not as effective as it might seem to third party observers, the Court is obligated to delve behind the scenes and ascertain whether an attorney, either by inaction or through ill action, Failed to meet the Standards of a reasonably competent and devoted advocate, to the ultimate prejudice of the petitioner".

Davis v. State of Alabama cited as 596 F2d 1214, 1217 - "An attorney does not provide effective assistance if he Fails to investigate sources of evidence which may be helpful to the defense".

"Where petitioner alleges that defense counsel refused to investigate his case and devoted little time to it's preparation, allegations of ineffective assistance

of counsel that require an evidentiary hearing are raised".

In addition to the blood alcohol content of the defendant at the time, it must also be said that defendants attorney was made aware of the fact that defendant had twice been admitted to the psychiatric ward of Newport Hospital due to problems associated with the victims in this case.

State v Hockenhull cited at 525 A2d 926, 930 "Such diminished capacity may result from intoxication "of such a degree as to completely paralyze the will of the respondent, take from him the power to withstand evil impulses and render his mind incapable of forming any sane design"",

"by virtue of the doctrine of diminished capacity, under which severe intoxication resulting from the ingestion of alcohol and drugs precludes the formation of a specific intent to kill";

(5) According to the diminished capacity doctrine or diminished capacity defense, defendant was so intoxicated he could not form any specific intent, therefore could not be guilty of a crime

like Assult with intent to murder. Thus NO Factual Basis could exist for this charge.

McCarthy v United States 22 Led 2d 418, 421 "Under the provision of Rule 11 of the Federal rules of Criminal Procedure that Judgement shall not be entered upon a plea of guilty unless the District Court is satisfied that there is a Factual basis for the plea, the Judge must determine that the conduct which the defendant Admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty; requiring such an examination of the relation between the law and the defendants Acts is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."

Thus the defendant feels he could not be found guilty of the charge of Assult with intent to Murder or any other charge that requires specific intent. Had defendants attorney, or the Court investigated discovery or questioned defendant of the elements of the charge as

required in Rule 11, defendant would have been able to see he was not guilty of this charge.

Defendant feels that based on these (5) Five issues both jointly and severally, his right to due process was violated causing him to enter a plea on charges he did not thoroughly understand, therefore his plea could not have been intelligent or knowingly, nor did defendant understand the consequences of these charges. Defendant was not informed that a plea of NO LO meant admitting guilty and defendant has never admitted to the elements which constitute these charges. Defendant also does not feel he was adequately represented. All these Factor amount to a plea that was invalid according to the 14th Amendment.

Defendant requests that the court vacate plea and remand case for trial or what ever relief the court deems appropriate in this matter.

(17)

I, Douglas Pelletier, defendant in this case does hereby swear that all facts within the personal knowledge of the defendant and authenticity of all documents and exhibits presented are true and correct to the best of my knowledge. Douglas Pe 2/11/03

Respectfully Submitted,
Douglas Pelletier
P.O. Box 8274
Medium I AC-39
Cranston RI, 02920

Douglas Pe 2/11/03

Subscribed and sworn before me on this 11th day of Febuary, 2003 in the City of Cranston, RI.

[signature]
Notary Public

My commission expires on 12-28-04