**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DOUGLAS J. PELLETIER** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-298ML** |
| | : | |
| **ADULT CORRECTIONAL** | : | |
| **INSTITUTION** | : | |
| **Respondent** | : | |

**<u>STATE OF RHODE ISLAND'S RESPONSE TO PLAINTIFF'S *MOTION TO INCLUDE OUTSTANDING ISSUES*</u>**

Petitioner's *Motion To Include Outstanding Issues* seeks to have litigated, in this 28 U.S.C. § 2254 case, his claims that 1) his January 8, 1990 *nolo contendere* plea was (for a number of reasons) defective ("defective plea" claim), and 2) his counsel representing him at such January 8, 1990 *nolo contendere* plea proceeding rendered ineffective assistance of counsel ("ineffectiveness" claim). These claims were recently rejected by the Superior Court (Thunberg, J.) in a July 21, 2006 decision (which the State seeks to attach to the instant *Response*), and Petitioner has timely appealed the Superior Court's July 21, 2006 decision to the Rhode Island Supreme Court.

Petitioner instantly contends that because Superior Court Justice Thunberg rejected his "defective plea" claim on the ground that "[t]he Rhode Island Supreme Court has already ruled that petitioner's sentence was neither illegal nor unconstitutional" (*Decision* at 1, referencing the Rhode Island Supreme Court's decision in <u>Pelletier v. State</u>, 882 A.2d 567 (R.I. 2005)), he should not have to await the Rhode Island Supreme Court's review of Justice Thunberg's rejection of his "defective plea" claim before this Court passes upon it. This instant contention, however, overlooks the fact that the

Supreme Court ***might***, notwithstanding any argument by the State in the Rhode Island Supreme Court to the contrary, ***agree*** with Petitioner that Justice Thunberg was wrong to summarily turn away his “defective plea” claim on the ground that “[t]he Rhode Island Supreme Court has already ruled that petitioner’s sentence was neither illegal nor unconstitutional” (***Decision*** at 1). That is, because the Rhode Island Supreme Court ***could*** determine that Petitioner’s “defective plea” claim was not controlled by its decision in Pelletier v. State, 882 A.2d 567 (R.I. 2005), or ***could decide*** to reach the merits of Petitioner’s “defective plea” claim, notwithstanding anything said in Pelletier v. State, 882 A.2d 567 (R.I. 2005), Petitioner has yet to “exhaust” his “defective plea” claim in State Court.

Moreover, even if Petitioner’s exhaustion suggestion were correct with respect to his “defective plea” claim, there would not appear to be any question that his “ineffectiveness” claim, rejected by Superior Court Justice Thunberg in her July 21, 2006 decision, has yet to be passed upon by the Rhode Island Supreme Court,[1] rendering such issue unexhausted for purposes of federal habeas corpus. Consequently, Petitioner’s habeas action contains at least one “unexhausted” issue, rendering his Petition “mixed” and subject to dismissal or “stay or abeyance”. ***See*** Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005)(district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner “had good cause for his failure to exhaust, his

[1] ***See*** Pelletier v. State, 882 A.2d at 568, n. 5 (“We note that the hearing justice made a somewhat opaque comment relative to the possibility that there was ineffective assistance of counsel at the time of sentencing. In view of the procedural posture of this case, however, that issue is not before this Court at this time.”).

unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.”).

In conclusion, then, the State would respectfully suggest that neither Petitioner’s “defective plea” nor “ineffectiveness” claims have been exhausted, and that his Petition, even if it is not time-barred, should therefore be dismissed without prejudice at this time.

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 25th day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Douglas J. Pelletier, at his last known address of P.O. Box 8273, Cranston, RI 02920.

/s/ Aaron L. Weisman