UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOUGLAS PELLETIER PRO SE

V. C.A. NO.06-298 ML

A.T. WALL

RESPONSE TO STATE'S MOTION TO DISMISS

Now comes Douglas Pelletier, plaintiff in the above entitled and avers that for the following reasons his motion should not be dismissed;

On January 8,1990 the plaintiff entered a plea on numerous charges and was sentenced to serve 60 years of a 75 year sentence. About (5) months later plaintiff began writing the sentencing Judge regarding the evidence his sentencing lawyer never got/introduced which would have at least mitigated his sentence, and the nature of the advice given to him regarding the plea. These issues were never investigated or presented by the several State paid lawyers to look into these matters. As evidence of this plaintiff cites the main issues which were Rule 11 violations, yet no sentencing transcripts were ever ordered. Also my psychiatric records (which dealt directly with problems I was having with the victims in this case) were never obtained. As the prosecution has noted these are the same issues complained about in 1990, along with the ineffective assistance of counsel, and the unknowing waiver of the pre-sentence report. So the reason for any delays in this matter are due solely to the lack of assistance of State appointed counsel. Even so this matter is before this Honorable Court now in a proper manner.

After many years of trying, plaintiff was able to grasp enough

legal knowledge to file a motion. Plaintiff obtained the necessary records, transcripts, and proceeded to file a post conviction relief motion. After hearing the motion and examining the evidence and testimony, the Hearing Judge granted the motion and ordered a pre-sentence report done, an extensive psychiatric evaluation, after which I would be re-sentenced. This was on December 12,2003. The State appealed this re-sentencing on December 24,2003. The Rhode Island Supreme Court reversed the re-sentencing on August 26,2005. Plaintiff filed a 2254 motion on June 28,2006.

Plaintiff avers the tolling begins from the "date of the "re-sentencing judgement", as cited in John T. Hepburn v. Michael Moore 215 F. 3d 1208, 2000 U.S.App.Lexis 14171"The issue presented was whether the statute of limitations for a habeas petition challenging a re-sentencing Court's judgement began to run from the date of the judgement of the re-sentencing hearing or whether the limitations period related back to the date of the judgement of the original conviction. The plain meaning of the statute supported the conclusion that the limitations period ran from the date of the re-sentencing judgement and not the date of the original judgement; therefore, petitioner had not lost his opportunity to raise claims relating to his re-sentencing in a Federal habeas corpus petition", - "The plain meaning of the statute supports the conclusion that the statute of limitations runs from the date of the re-sentencing judgement and not the date of the original judgement". This is re-iterated in United States of America v. Ronald "Boo" Colvin 204 F. 3d 1221 2000 U.S. App. Lexis 2962 and in United States of America v. Douglas J. Dodson Jr. 291 F. 3d 268; 2002 U.S. App. Lexis 9651.

There are several other reasons this case should not be dismissed. The State of Rhode Island has used "NEW" Constitutional standards in this case to reverse my re-sentencing. My case was ordered for re-sentencing on December 12,2003. At that time (also at the time of my original sentencing) the standard for Constitutional sentencing was the "Solem" test. In 2004 the Rhode Island Supreme Court announced in James R. Mckinney v. State of RI cited at 843 A2d 463; 2004 RI Lexis 30 - "We now adopt the holding in Ewing (538 U.S. 11, 155 Led 2d 108, (2003)) and reject the test under Solem...". Therefore the Rhode Island Supreme Court is applying a "NEW CONSTITUTIONAL STANDARD" (which greatly adversely affects me) to my case and is doing so retro-actively in violation of the U.S. Constitution; Marks v. United States cited at 430 U.S. 188, 51 Led 2d 260 - "the law in effect at the time their course of conduct was charted; and that retro-active application of the Miller's decision's Standards violated the due process clause of the Fifth Amendment." Not only was this an illegal application of these NEW Standards, but the Rhode Island Supreme Court misapplied this three (3) strikes law to me as a first time offender giving him (unknowingly) a sentence approximately (2-3) times the applicable benchmark (guideline). Plaintiff avers (a) he can not be held to this NEW Standard (Rule of Law), which in itself allows for this case to be heard at this time, and (b) if the State is allowed to use this NEW rule, plaintiff must have some avenue of appeal.

Had plaintiff been adequately represented in 1990 prior to sentencing of directly after when he requested assistance, these issues would have been adjudicated many years ago. Instead plaintiff had to wait untin he could muster enough of an understanding of

legal material to file his own motion. Indeed this plaintiff is being penalized for the simple fact that these matters (issues) were not put forth earlier as the (proper) Constitutional Standard worked in his favor.

So, the State has used New case law (Ewing decision) and applied that ex post facto, in violation of the Constitution. It has made an UNREASONABLE DETERMINATION OF THE FACTS, CONSTITUTIONAL ISSUES, AND CLEARLY ESTABLISHED LAWS by failing to rule on the basis of the Post conviction issues, rather it merely denied the relief (re-sentencing) which the Court no longer allows on pleas, also ex-post facto. This re-sentencing was based on many factors, none of them addressed by the Rhode Island Supreme Court. There is also a NEW RIGHT by the U.S. Supreme Court involved. The U.S. Supreme Court has ruled in (newly recognized right) Blakely v. Washington 542 U.S. 296, 124 S.Ct. 2531, 159 Led 2d 402(2004) Blakely held that the statutory maximum for Apprendi purposes is the maximum sentence a Judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. Therefore to receive a sentence (2-3) times the maximum benchmark (guideline), as has happened in this case plaintiff would have had to have been at the very least informed he was being given an enhanced sentence. Aggravating factors would have to be found by a jury or admitted to for an enhanced sentence, none of these things happened in this case. It can also be asserted that there was an impediment in place. The State paid lawyers never conducted an investigation into the issues of this case, even though plaintiff has for years complained about these issues to the Court.

For the reasons presented in this motion plaintiff prays this

Honorable Court sees Justice has NEVER been served in this case. There are many issues which have never been ruled on by the lower Court. The relevant evidence was raised in Superior Court. The Judge (Thunberg) saw the injustice and tried to correct it. The Rhode Island Supreme Court reversed that decision (re-sentencing) in violation of the applicable law (Constitutional Standard), and the Interest of Justice. Plaintiff prays this Honorable Court does not turn a blind eye to this matter, and rejects the State's motion to dismiss.

Respectfully Submitted,

Douglas Pelletier

Douglas Pelletier pro se
P.O. Box 8274
Medium 1 AR-15 Top
Cranston, RI, 02920

CERTIFICATION

I, Douglas Pelletier, do hereby certify that a true copy of this motion was mailed via the U.S. Postal Service to the Attorney General's office, Appellate Unit, at 150 South Main Street, Providence, RI, 02903, on this 24th day of October, 2006.

Douglas Pelletier