UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOUGLAS J. PELLETIER            :
                                :
        v.                      :       C.A. No. 06-298ML
                                :
ASHBEL T. WALL                  :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the State of Rhode Island's Motion to Dismiss the Petition for Writ of Habeas Corpus filed by Douglas J. Pelletier ("Petitioner" or "Pelletier"). (Document No. 5). The State seeks dismissal of the Petition arguing that it is time-barred under 28 U.S.C. §2244(d)(1) and that Petitioner failed to exhaust all of his claims prior to filing this habeas corpus action. Petitioner filed an Opposition to the Motion to Dismiss. (Document No. 9). This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Memorandum and Opposition, as well as performing independent research, I recommend that the Motion to Dismiss (Document No. 5) be GRANTED and that the Petition (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE. I also recommend that Petitioner's Motion to Include Outstanding Issues (Document No. 6) be DENIED as moot.

## Facts and Travel

On January 13, 1989, Petitioner invaded a home in Portsmouth, Rhode Island and sexually assaulted two women (his ex-girlfriend and her mother) while armed with a knife.[1] Prior to his arrest

---

[1] The factual basis for Petitioner's nolo plea is set forth in detail in the Superior Court's Decision on Motion for Post-Conviction Relief (See Attachment No. 3 to Petition) and need not be repeated herein. However, this Court agrees with the assessments of both the Superior and Supreme Court that the offenses to which Petitioner plead nolo were "horrific." Pelletier, 882 A.2d at 568 n.4.

shortly thereafter, Petitioner also assaulted a Portsmouth police officer.  See Pelletier v. State, 882 A.2d 567 (R.I. 2005).  On January 8, 1990, Pelletier submitted pleas of nolo contendere to each of the eight felony counts brought against him by the State of Rhode Island.  Id.  Those counts included first- and second-degree sexual assault, assault with a dangerous weapon, assault with intent to commit murder, breaking and entering without consent and assault with a dangerous weapon.  Id. at 567 n2.  After his pleas were entered, a sentencing hearing was conducted in Superior Court, and Petitioner was sentenced to serve sixty years of an eighty-year term.  Id. at 568.  The remaining twenty years were suspended with probation.  Petitioner is currently serving his sentence at the ACI.

Over thirteen years later, on February 18, 2003, Petitioner filed a pro se application for post-conviction relief in the Rhode Island Superior Court.  Id.  In the Motion, Petitioner argued that his nolo pleas were not knowing and voluntary, and he moved that his plea agreement be vacated and a new trial scheduled.  Id.  Following a hearing concerning Petitioner's motion, the Superior Court granted limited relief to Petitioner.  Instead of vacating the plea, the Justice ordered only that sentencing be reconsidered.  Id.  The Justice's primary concerns related to the scope of pre-sentence investigation and the adequacy of the explanation as to the sentencing judge's application of the Superior Court's sentencing "benchmarks."

The State appealed that decision to the Rhode Island Supreme Court, which considered the matter and issued its opinion on August 26, 2005.  In its opinion, the Rhode Island Supreme Court reversed the Superior Court's order of re-sentencing.  The Court held that the re-sentencing was not justified since Petitioner had entered a plea of nolo contendere.  The Court stated, "[r]ecognizing the wide latitude given to sentencing justices in accepting negotiated plea agreements, we held in McKinney that '[u]nless the sentence was illegal or unconstitutional, then the sentence should not

-2-

be altered.'" Pelletier, 882 A.2d at 569, quoting McKinney v. State, 843 A.2d 463, 472 (R.I. 2004). The Rhode Island Court found that the sentence was neither illegal nor unconstitutional, and that there was no basis for "re-sentencing." Petitioner filed the instant Petition for Writ of Habeas Corpus on June 28, 2006.

### Standard of Review

In order to obtain relief under 28 U.S.C. § 2254, a petitioner must meet certain statutory prerequisites. In the present case, the State claims that Petitioner did not meet two requirements: first, the State claims that the Petition does not comply with the applicable statute of limitations; and second, the State claims Petitioner failed to exhaust several of his claims.

### A.        Statute of Limitations

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") limits the scope of federal habeas review. The statute, enacted April 24, 1996, imposes a time limitation on state prisoners' federal habeas corpus applications. See Neverson v. Bissonette, 261 F.3d 120 (1st Cir. 2001). 28 U.S.C. § 2244(d)(1) provides, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It also states that the limitation period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," but that it shall be tolled while any "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2). For prisoners such as Petitioner whose state conviction became final before the enactment of the AEDPA, the limitations period is "one year running from AEDPA's effective date, April 24, 1996." Lattimore v. Dubois, 311 F.3d 46, 52 (1st

Cir. 2002), citing Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir.1999). Petitioner therefore had until April 24, 1997 to file this Petition, unless the limitations period was properly tolled under the AEDPA.

Since this Petition was filed June 28, 2006, the Court's task is to determine the operative dates in this action and whether the limitations period was tolled. Petitioner's judgment of conviction was entered the day he pled nolo contendere in the Rhode Island Superior Court, January 8, 1990. Petitioner did not directly appeal the judgment, therefore, the conviction became final upon the expiration of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court pursuant to Sup. Ct. R. 13.  According to the docket for the United States Supreme Court, Petitioner never filed a Petition for a Writ of Certiorari.  The statute of limitations therefore began to run April 9, 1990 – approximately ninety days after  the entry of judgment.  From that date, Petitioner had until April 24, 1997, one year after the effective date of the AEDPA, to either file a Petition for Writ of Habeas Corpus or to collaterally attack his conviction in Rhode Island Superior Court, tolling the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).

After a review of the docket and the State's brief, it is evident that no "properly filed application for state post-conviction or other collateral review" was filed until April 10, 2003, well beyond the time limitation.[2]  Petitioner does not claim he filed a motion which tolled the limitations period, but instead notes that, "the reason for any delays in this matter are due solely to the lack of assistance of State appointed counsel." Document No. 9 at 1.  He also states he "had to wait untin(sic) he could muster enough of an understanding of legal material to file his own motion." Id.

---

[2] The State notes that an attorney did file a memo regarding the merits of a post-conviction relief motion.  The Court reviewed the state court docket and notes that on September 11, 1992 there is an entry entitled "other document" which is described as a "Report to the Court status of Post-Conviction Rel."  The State argues that this notation does not amount to a "properly filed application," and this Court agrees.  Whatever information was conveyed to the Court by way of the September 1992 status report, it was not a properly-filed Motion for Post-Conviction Relief.

at 4.  Finally, Petitioner argues that the statute of limitations began to run from the "date of the resentencing judgment."  Id. at 2.

In essence, Petitioner is making two arguments: first, that the Court should equitably toll the statute of limitations due to his lack of counsel, and second, that the statute of limitations did not begin to run until the Rhode Island Supreme Court reversed the lower court on the re-sentencing issue.  Neither of Petitioner's arguments revive his untimely Petition.  First, equitable tolling of the statute of limitations is disfavored in the First Circuit and is not appropriate in this case.  The First Circuit Court of Appeals has stated,  "[w]e have made it pellucid 'that equitable tolling, if available at all, is the exception rather than the rule; [and that] resort to its prophylaxis is deemed justified only in  extraordinary  circumstances.'"   Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002), citing Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002). The Lattimore Court noted that equitable tolling is reserved for "cases in which circumstances beyond the litigant's control have prevented him from promptly filing," and that "[i]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing." Id.   In the present case, Petitioner has not presented any compelling evidence in support of his request that the Court toll the statute of limitations to excuse the lengthy delay in his filing.

Secondly, Petitioner's argument that the "tolling begins to run from the date of the re-sentencing judgment" is simply not supported by the applicable law.  Document No. 9 at 2.  In support of this argument, Petitioner relies upon Hepburn v. Moore, 215 F.3d 1208 (11th Cir. 2000).  The Hepburn case, however, is distinguishable from the present action.  In Hepburn, the petitioner brought Sixth and Fourteenth Amendment claims related to the denial of counsel at re-sentencing.  The Eleventh Circuit held that the statute of limitations for filing a habeas action began to run from

the date of the resentencing judgment, not the original judgment of conviction, specifically because the "judgment [petitioner] seeks to challenge is the judgment at resentencing." <u>Id</u>. at 1209.  In this case, no re-sentencing ever occurred, and, therefore, the judgment Petitioner seeks to attack is the original judgment of conviction.  Because he is attacking his original judgment of conviction, the date that the Rhode Island Supreme Court vacated the Superior Court's re-sentencing order is irrelevant.  Accordingly, I recommend that the Motion to Dismiss be GRANTED, and that the Petition be dismissed as untimely.

### B.     Exhaustion of State Remedies

Because the Petition is time-barred under 28 U.S.C. § 2244, the second ground raised by the State, Petitioner's claimed failure to show good cause for why a number of his claims remain unexhausted does not need to be addressed.

### C.     Motion to Include Outstanding Issues

Similarly, after filing his Petition, Pelletier also filed a "Motion to Include Outstanding Issues" (Document No. 6) in which he requested that this Court consider several issues upon which the Rhode Island Superior Court had recently ruled on July 21, 2006 when it denied his second Motion for Post-Conviction Relief.  Since the Court finds that the underlying Petition is untimely, the Motion to Include Outstanding Issues (Document No. 6) is DENIED as moot.  In addition, these issues are unexhausted, as Pelletier filed a timely appeal to the Rhode Island Supreme Court on July 25, 2006 which is still pending.

### Conclusion

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 5) be GRANTED, and that the Petition (Document No. 1) be DENIED and DISMISSED WITH

PREJUDICE.  I also recommend that Petitioner's Motion to Include Outstanding Issues (Document No. 6) be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 22, 2007