United States District Court
For the District of Rhode Island

Douglas Pelletier pro se
v
A.T. Wall

C.A. No. 06-298ML

Objections to Report and Recommendations

Now comes the plaintiff, Douglas Pelletier Prose in the above titled action and respectfully objects to the report and recommendations filed by Lincoln Almond U.S. Magistrate Judge. Listed below are the specific objections:

① The re-sentencing in this case was ordered because;

ⓐ Psychiatric records which were available at the time of sentencing, (but not presented due to the fact that defense counsel lied about their existance, also Blood Alcohol levels were never used) defense counsel admitted under oath that the sentencing Judge was not aware of these factors.

ⓑ No reasons were given for deviation from benchmarks (as per Court

rules) or even telling defendant he was receiving all enhanced sentences.

(c) Plaintiff also contested (on record see sentencing transcripts pg 7, 8, 9) many of the "Facts" as I was trying to plead No Lo Contendre meaning I just didn't wish to contest, without admitting guilt, an Alford plea. This is shown by the transcripts. Therefore I was not admitting to all the charges much less aggravating factors for sentence enhancement. This is even more relevant given the recent U.S. Supreme Court decisions (Rules, laws) in Booker and Blakely. Yet the Superior Court, RI Supreme Court, and now the U.S. District Court have noted the offenses to be horrific, once again making Judicial Factfinding on matters not found by a Jury or admitted to, by me.

(d) This brings us into New U.S. Supreme Court rule(s) (laws) which by law makes this reviewable by this Honorable Court. The RI Supreme Court stated in McKinney - "We now reject the (constitutional) standard in Solem and adopt the (New) Ewing standard (three strikes law) (this defendant is a first time offender)." The McKinney decision was rendered in 2004, my case was

decided in 2003, this is a clear ex post facto application of a New U.S. Supreme Court standard (rule). In my case Rhode Island used the Solem test in 2003, the year my case was decided. Under that test my sentence was deemed illegal and unconstitutional. In 2004, RI adopted the Ewing test changing the constitutional standard based on a New U.S. Supreme Court rule. Therefore the Superior Court Judge was right in rendering her decision to re-sentence. Additionally if the RI Supreme Court wanted to apply these "New" U.S. Supreme Court decisions, they should also have applied Booker and Blakely which are entirely more relevant to the facts of this case, than this "New" Ewing ruling was. These New U.S. Supreme Court decisions also now allow the U.S. District Court to review since the State used a 2004 ruling as the basis to overturn a 2003 case which granted a re-sentencing. In arguing against this the State's only argument is that it was not filed before 1997. That being the case it can not be constitutional to flip it based on a 2004 case.

(3) As far as the 1st circuit exceptions, There can be no greater justification than the interest of Justice for the Court to

hear this matter, (as the Superior Court noted in it's post conviction decision). Plaintiff also avers he has one year from the time the re-sentencing was ordered to file a 2254. Plaintiff is challenging his right to be re-sentenced, which was granted in 2003, appealed by the State in 2004, and reversed in August of 2005. Had the State not violated the ex post facto section of the U.S. Constitution the re-sentencing would stand.

(4) The U.S. Magistrate Judge also stated the defendant had a sentencing hearing. The plea and sentencing hearing are all one event. This defendant was shuffled between three lawyers, never having his case investigated by any of them (this was testified to by defendant's sentencing lawyer). I was never given any information about the sentences, benchmarks, statutory limits, no mitigating or aggravating factors were ever presented, explained or admitted to. The only explanation for the "waived" pre-sentence report was that it was a report "showing who I was married to and all that stuff" (see sentencing transcripts pg 15). The Court had to explain what NO LO meant while I

(3)

was being sentenced. I was also denied allocution as noted in the post conviction decision. With all due respect to the Courts this whole case from start to finish was handled in the fashion of placing a fast food order.

(5) Neither the Superior Court, Supreme Court, and the the U.S. District have ever addressed the rule (11) violations or any other of the issued raised in my original post conviction. Instead everything dealt with the relief granted. So obviously the hearing Justice ruled something was illegal about the sentence or plea which required fixing, yet this has yet to be addressed, therefore Justice has not been served. The Court also noted that since I was not actually resentenced the order was moot. I find this to be an invalid argument as the only reason I was re-sentenced was because the RI Supreme Court granted a stay based on these same ex-post facto rulings.

(6) The same issues raised in this post conviction motion were originally raised in 1991 and 1992. The Attorney General's office has noted during these post conviction hearings that - " this defendant

has no merit in any of his complaints, all of which are identical to what he's arguing Again" - (see post conviction transcripts Vol. II pg. 20). Therefore the only reason for delay was the State Appointed lawyer's Failing to do their Jobs. Thus the U.S. Magistrate was mistaken when he noted Nothing was Filed in 1991 or 1992, as I Attempted to File post convictions, And these Court Appointed lawyers Filed No merit memorandums on the exact issues my motion was granted on.

(7) I would Also like to object to the RI Supreme Court, And the U.S. District Court Adding time to my already unconstitutional sentence. I was originally sentenced to 75 years with 60 to serve. The Courts have somehow made it 80 years. In addition my true sentence is 60 years since the First 40, is 25 to serve with 15 suspended which isn't suppose to begin (the suspended) until all my other sentences Are done therefore making a 40 year sentence last 75 years.

(8) In summation I'm Averring I had one year from my re-sentencing

(7)

For tolling purposes, this was done in time. I also wish to state this case should be heard because it deals with "New" U.S. Supreme Court rules (laws, rights) which are being applied ex post facto. I was not given a chance to argue these facts in RI Supreme Court nor were any of the underlying reasons for the re-sentencing decision ever addressed. I have also objected to many factors relating to the interest of Justice which has not been served in this matter. One further matter I have noted is the while this case was being argued before the RI Supreme Court the Attorney General was acting as the Chief Justices Attorney, a clear conflict of interest.

Respectfully Submitted

[signature]

Douglas Pelletier pro se'
P.O. Box 8274 Medium I AR-33
Cranston RI 02920

Certification

I, Douglas Pelletier do hereby certify that a true copy of this motion was mailed via the U.S. Postal service to the Attorney General's office, Appellate Unit, at 150 South Main st., Providence, RI, 02903 on this 27th day of January 2007.

[signature]